UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. BANKS, III,   )  | Case No. 1:24-cv-173 |
| Plaintiff,   ) | Judge J. Philip Calabrese |
| v.   ) | Magistrate Juge |
|    ) | Jennifer Dowdell Armstrong |
| JANE DOE WILLIAMS, *et al.*,   ) | |
| Defendants.   ) | |

## OPINION AND ORDER

Plaintiff Charles E. Banks, III filed a complaint in this civil action without a lawyer against "Jane Doe Williams" and "Jane Doe Johnson." (ECF No. 1.) His handwritten complaint is almost entirely illegible. He appears to seek monetary damages, but as with multiple prior cases he has filed in this District, his complaint does not set forth cogent factual allegations or legal claims. *See Banks v. Atwell*, No. 1:24-cv-00002 (N.D. Ohio dismissed Mar. 28, 2024); *Banks v. Reid*, No. 1:24-cv-00008 (N.D. Ohio dismissed Mar. 29, 2024); *Banks v. Hardyman*, No. 1:24-cv-124 (N.D Ohio dismissed Apr. 2, 2024); *Banks v. Scott John Doe*, No. 1:24-cv-172 (N.D. Ohio dismissed Mar. 31, 2024). His statement of claim in this case is indecipherable. (*See* ECF No. 1, PageID #4.)

With his complaint, Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2.) The Court **GRANTS** that application. For the reasons that follow, the Court **DISMISSES** the complaint.

## GOVERNING LEGAL STANDARD

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

Although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings drafted by lawyers, *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008), the "lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even *pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (liberal construction for *pro se* litigants does not "abrogate basic pleading essentials").

To meet the minimum notice pleading requirements necessary to state a claim in federal court, a plaintiff's complaint must give the defendants notice of what his legal claims are and the factual grounds on which they rest. *Bassett*, 528 F.3d at 437 (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996)). A complaint fails to state a claim upon which relief may be granted where it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

## ANALYSIS

As with his prior lawsuits, Plaintiff's incoherent complaint in this case fails to meet the basic pleading standards required in federal court and fails to state any plausible claim upon which he may be granted relief. *See Lillard*, 76 F.3d at 726–27 (courts are not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, courts in this District have been tolerant of Plaintiff's *pro se* filings to this point. There comes a point past which Plaintiff can no longer be permitted to misuse the judicial system at taxpayer expense by filing facially insufficient complaints. "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Federal courts may revoke or deny the privilege of proceeding as a pauper where a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See id*. at 184–85. The Court advises Mr. Banks that he may be sanctioned and denied the privilege of proceeding as a pauper in the future if he files any further facially inadequate complaints in the District.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** Plaintiff's complaint. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: April 17, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

4